Jordan A. LaVine
Flaster Greenberg P.C.
295 Madison Avenue, 12th Floor
New York, NY 10017
T: 215.279.9389
F: 215.279.9394
Jordan.LaVine@flasteergreenberg.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

THE NEW YORK TIMES COMPANY,    :
           :
           :
     Plaintiff,     :
           : Civil Action No. _____
     v.     :
           :
TIME USA, LLC.,     :
           :
           :
     Defendant.     :

---------------------------------------------------------

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND
DECEPTIVE TRADE PRACTICES**

The New York Times Company, for its Complaint, avers:

**INTRODUCTION**

1.     This is a straightforward case of trademark infringement, unfair competition, and deceptive trade practices.

2.     For more than 20 years, Plaintiff The New York Times Company ("NYTCo") has used the trademark *Times Talks* in commerce in connection with a series of live and virtual recorded events consisting of conversations between *The New York Times* journalists and leading talents and thinkers.  NYTCo uses its *Times Talks* mark prominently at its *NYTimes.com* website and at its dedicated YouTube channel, and promotes the long-running *Times Talks* series across

various media and social media channels, including Twitter, Instagram, Facebook, YouTube, etc. NYTCo owns several incontestable federal trademark registrations for its *Times Talks* trademark, including Registration Nos. 2,475,639, 3,697,025 and 4,179,358.

3.     Without seeking authorization from NYTCo, Defendant TIME USA, LLC ("TIME") began using the trademark *TIME100 Talks* in approximately April, 2020 for its own competing series of live and virtual recorded events consisting of conversations between journalists and leading talents and thinkers.  At this same time, in response to the COVID-19 pandemic, NYTCo was spending significant time and resources on launching *Times Talks* as a fully virtual series of programs.

4.     Over the months since TIME began using the trademark *TIME100 Talks* trademark, TIME's has expanded its use of the *TIME100 Talks* trademark, and TIME now displays the *TIME100 Talks* trademark prominently on its primary website landing page at *www.time.com*, and otherwise aggressively promotes its events provided under the *TIME100 Talks* trademark.  In addition, TIME has expanded its use of trademarks that combine the terms "Time" and "Talks" to include the mark *Time for Health Talks*.  Accordingly, TIME appears to be trying to develop a franchise around its combination of the terms "Time" and Talks."

5.     NYTCo became aware of TIME's filing of a trademark application in the U.S. Patent and Trademark Office for the *TIME100 Talks* trademark when the U.S. Patent and Trademark Office refused registration of TIME's trademark application for the *TIME100 Talks* trademark on the ground that there is a likelihood of confusion between NYTCo's long-established and registered *Times Talks* trademark and TIME's mark.  The Examiner at the U.S. Patent and Trademark Office wrote in the refusal dated August 27, 2020, in pertinent part:

> Applicant's [TIME] and registrant's [NYTCo] marks each share the term TIME (or TIMES) combined with the term TALKS.  Applicant has merely added the term "100" to

the registered mark, inserting it between the two words TIMES and TALKS . . .

In this case, the application uses broad wording to describe its "streaming of video material" and "arranging, organizing, conducting, and hosting online educational and entertainment events," which presumably encompasses all services of the type described, including registrant's more narrow educational lectures and entertainment television programs . . . .

Because the marks are so highly similar and the services are so closely related, there is a likelihood that purchasers would confuse the sources of the services or believe they stemmed from a single source.  Accordingly, registration is properly refused under Section 2(d) of the Trademark Act due to a likelihood of confusion.

6.      NYTCo agrees with the Examiner at the U.S. Patent and Trademark Office.  As a direct competitor of NYTCo that was surely familiar with NYTCo's *Times Talks* trademark and its registrations for the mark, TIME could have selected any number of less confusing trademarks for its event series.  For example, TIME could have selected alternate marks with similar meanings such as *TIME100 Speaks*, *TIME100 Discussions*, or *TIME100 Chats*, but instead chose a trademark that is <u>nearly identical</u> to a trademark in which NYTCo has long established prior rights. Confusion between the marks is inevitable as persons are likely to mistakenly believe TIME's *TIME100 Talks* events and presentations are affiliated with The NYTCo's *Times Talks* or are otherwise NYTCo endorsed programs.  Significant confusion is also likely to result in online contexts.

7.      NYTCo has sent several written requests to TIME asking that TIME agree to cease use of the *TIME100 Talks* trademark, but TIME has rejected those requests.

8.      NYTCo now comes to this Court as a last resort to prevent TIME from continuing to infringe the NYTCo's valuable trademark rights and to prevent confusion in the marketplace.

## THE PARTIES

9.      NYTCo is one of the leading media companies in the world.  NYTCo has used its *The New York Times* trademark since at least as early as 1851 and today offers numerous products

and services under its famous *The New York Times* trademark and under numerous other trademarks.

10.    NYTCo publishes an online version of *The New York Time*s at the URL *NYTimes.com*, various blogs, magazines, and electronic media products.  According to Comscore Media Metrix, in September 2020, *NYTimes.com* had nearly 95 million unique visitors in the United States.

11.    Defendant TIME is the publisher of *TIME* magazine, a weekly news magazine and news website published and based in New York City, and is one of NYTCo's chief competitors.

## NYTCO'S *TIMES TALKS SERIES* AND TRADEMARK

12.    One of NYTCo's most popular and successful featured event programs is its *Times Talks* series.  NYTCo's launched its *Times Talks* series in March, 1999.  NYTCo's *Times Talks* series features conversations between NYTCo journalists and newsmakers of all types. Historically, NYTCo's *Times Talks* have taken place live in various locations, including at NYTCo's headquarters in New York City, and have been simulcast and recorded for future viewing, but during the COVID-19 pandemic, NYTCo's *Times Talks* have taken place in a virtual setting on a regular basis.

13.    A small but representative sampling of persons who have been a part of NYTCo's *Times Talks* are filmmaker Judd Apatow, author Margaret Atwood, former Vice President of the United States Al Gore, former Attorney General of the United States Eric Holder, musician John Legend, photographer Annie Leibovitz, author Deborah Lipstadt, filmmaker Martin Scorsese, screenwriter Aaron Sorkin, playwright Tom Stoppard, musician Sting, singer Michael Stipe, and actor Meryl Streep.

14.    Due to the success and renown of NYTCo's *Times Talks* series, in 2019, NYTCo released the book *Twenty Years of Times Talks*, a photobook of black-and-white portraits of over 60 influential artists, actors, filmmakers, politicians, authors, activists, and NYTCo reporters that participated in *Times Talks* since the inception of program in 1999.

15.    NYTCo always uses its *Times Talks* trademark in a prominent manner, including in its live and virtual settings, as shown below:



5

  






16.     As can be seen in the photographs above, NYTCo's *Times Talks* mark sometimes appears near NYTCo's *The New York Times* trademark, but that is by no means always the case and *Times Talks* often appears as a stand-alone trademark.

17.     Over the last 20+ years, hundreds of thousands of persons have attended or viewed NYTCo's *Times Talks* events.

18.     NYTCo promotes its *Times Talks* events vigorously.  NYTCo promotes its events through dedicated Twitter, Facebook and Instagram accounts, and NYTCo has a YouTube channel where persons can view past *Times Talks* events.

19.     Given the success of NYTCo's *Times Talks* series, the public closely associates NYTCo's *Times Talks* trademark with NYTCo.

20.     NYTCo owns three subsisting and incontestable trademark registrations in the U.S. Patent and Trademark Office for its *Times Talks* trademark, namely, Registration Nos. 4,179,358 (issued July 24, 2012), 3,697,025 (issued October 13, 2009), and 2,475,639 (issued August 7, 2001).

## TIME'S *TIME100 TALKS* TRADEMARK

21.     On information and belief, TIME launched its *TIME100 Talks* series in April, 2020.  TIME describes the series in the following manner:

> a new live event series that convenes leaders from every field to spotlight solutions
> to urgent global problems and encourage cross-disciplinary action.

22.     To date, speakers that have participated in TIME's *TIME100 Talks* series have included the same types of celebrities and newsmakers as are featured in NYTCo's *Times Talks* events, and TIME has even featured some of the same persons that have in the past appeared in NYTCo's *Times Talks* events.

23.     TIME often uses its *TIME100 Talks* trademark, and related marks such as the

*TIME for Health Talks* trademark, in a plain black and white logo presentation or with no logo at all, as shown below, including in all of its often-used marketing and promotional channels, including its website and social media channels – the latter of where it uses the hashtag #TIME100TALKS:





24.     On June 11, 2020, TIME filed a use-based trademark application in the U.S. Patent and Trademark Office for its *TIME100 Talks* trademark.  In the trademark application, TIME

alleged use of the *TIME100 Talks* trademark since April 23, 2020.

25.     On August 27, 2020, the U.S. Patent and Trademark Office issued an "Office Action" in which it refused registration of TIME's *TIME100 Talks* trademark on the ground that there is a likelihood of confusion between TIME's *TIME100 Talks* trademark and NYTCo's three registrations for its *Times Talks* trademark.  To date, TIME has not responded or tried to overcome the refusal.

<strong><u>NYTCO'S REQUEST TO TIME TO CEASE USE OF THE <em>TIME100 TALKS</em><br>TRADEMARK</u></strong>

26.     TIME's use of the *TIME100 Talks* trademark came to NYTCo's attention in early September, 2020, as a result of the U.S. Patent and Trademark Office's refusal of TIME's trademark application.

27.     Immediately upon learning of TIME's use and attempted registration of the *TIME100 Talks* trademark, on September 14, 2020, NYTCo's outside counsel sent TIME's general counsel an email explaining NYTCo's objection to TIME's use and attempted registration of the *TIME100 Talks* trademark.  After following up several times, outside counsel for TIME responded substantively to NYTCo's outside counsel on October 2, 2020.  In the response of October 2, 2020 and in a subsequent written response on October 10, 2020, TIME refused to cease its use of the *TIME100 Talks* trademark.  TIME also refused to cease use of the mark after NYTCo sent TIME's outside counsel a draft copy of this Complaint in NYTCo's final effort to resolve this matter without litigation.

<strong><u>JURISDICTION AND VENUE</u></strong>

28.     This Court has jurisdiction over Count I of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 as the present case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended, and as is hereinafter more fully described.

9

29.     All other claims asserted in this action arise out of the same transaction or occurrence, so that this court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

30.     NYTCo is a New York corporation with a principal place of business at 620 Eighth Avenue, New York, New York 10018.

31.     TIME is a Delaware limited liability company with a principal place of business at 3 Bryant Park, 6th Floor, New York, New York 10036.

32.     TIME has committed acts of trademark infringement, unfair competition, and deceptive trade practices, as described below, in this District and elsewhere.

33.     TIME is subject to the jurisdiction of this Court, and venue is proper in this District pursuant to 28 U.S.C. § 1391.

## COUNT 1

## TRADEMARK INFRINGEMENT

34.     NYTCo repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

35.     Section 1114(1)(a) of Title 15 of the United States Code states, in pertinent part:

> Any person who shall, without the consent of the registrant -- (a) use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…shall be liable in a civil action…

36.     NYTCo has not consented directly or indirectly to TIME's use of the *TIME100 Talks* trademark in any manner and has expressed its strong written objection to TIME's unauthorized use of the *TIME100 Talks* trademark.

37.     NYTCo does not currently have the ability to control the nature and/or quality of

the services that TIME provides under the ***TIME100 Talks*** trademark.

38.    As stated, *supra*, NYTCo has used the ***Times Talks*** trademark for many years and secured three federal trademark registrations for its mark in the U.S. Patent and Trademark Office.

39.    NYTCo's ***Times Talks*** trademark is inherently distinctive. Moreover, NYTCo's trademark registrations provide NYTCo with the presumption that the ***Times Talks*** mark is distinctive.

40.    By virtue of NYTCo's long use and its vigorous promotion of its ***Times Talks*** events, and the enormous success of the ***Times Talks*** events over the last 20+ years, the ***Times Talks*** trademark has come to have significance in the mind of the public as an indicator of events originating with, sponsored by, or otherwise associated with NYTCo.

41.    TIME is using its ***TIME100 Talks*** mark in connection with a series of events that are nearly identical to NYTCo's ***Times Talks*** events, that feature similar content, and that are promoted through the same and similar channels of trade, including social media, among others.

42.    TIME's ***TIME100 Talks*** trademark is confusingly similar to NYTCo's registered ***Times Talks*** trademark, as the marks are substantially identical in sight, sound, meaning and overall commercial impression. While TIME has existing rights in the mark ***TIME100***, TIME could have selected any number of terms to affix to its ***TIME100*** mark, but chose to affix a term that makes the overall ***TIME100 Talks*** trademark nearly identical to NYTCo's existing ***Times Talks*** mark. TIME could have easily affixed a different term to convey the same general meaning, *e.g.*, "Speaks," "Discussions," or "Chat."

43.    As used with TIME's events, TIME's ***TIME100 Talks*** mark and NYTCo's ***Times Talks*** mark are so similar that TIME's use of the ***TIME100 Talks*** mark is likely to cause confusion and mistakes among the public that encounters the respective marks as to the source or

sponsorship of TIME's events, or the affiliation between the parties, causing harm to NYTCo's

reputation and goodwill.  Such confusion includes the confusion that will result from conducting

Internet searches on the trademarks, and particularly when persons mistype one of the trademarks

at issue.

44.     TIME's conduct constitutes trademark infringement in violation of 15 U.S.C. §

1114.

45.     TIME's conduct is being conducted with willful disregard of NYTCo's valuable

trademark rights in the *Times Talks* mark.  TIME's use of the *TIME100 Talks* mark in connection

with its services constitutes a willful attempt to trade upon the goodwill that NYTCo has

developed in its mark through its many years of use of the registered *Times Talks* trademark.

46.     NYTCo has no adequate remedy at law.  The said conduct of TIME, if not enjoined,

will cause irreparable damage to the rights of NYTCo in its registered *Times Talks* mark and in its

business, reputation and goodwill.  NYTCo's damages from the aforesaid unlawful actions of

defendants are not yet determined.

## COUNT II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

47.     NYTCo repeats and re-alleges the allegations contained in the preceding paragraphs

of this Complaint as though the same were fully rewritten herein.

48.     Section 1125(a) of Title 15 of the United States Code states, in pertinent part, the

following:

> Any person who, on or in connection with any good or services, … uses in
> commerce any word, term, name, symbol, … or any false designation of origin, …
> which -- is likely to cause confusion, or to cause mistake, or to deceive…as to the
> origin, sponsorship, or approval of his or her goods, services, or commercial
> activities by another person…shall be liable in a civil action.

49.     NYTCo's *Times Talks* trademark is inherently distinctive and NYTCo has made continuous use of the *Times Talks* trademark in interstate commerce since at least as early as March, 1999, in connection with series of events featuring interviews between NYTCo journalists and celebrities and newsmakers.

50.     TIME's use of the trademark *TIME100 Talks* falsely suggests that NYTCo is the source of, or has authorized, TIME's use of the *TIME100 Talks* mark, and is likely to deceive persons encountering or viewing the series, and members of the relevant trade and public, into believing that TIME's events are those of NYTCo, or that they are authorized or approved by NYTCo, or are provided in affiliation with NYTCo, in violation of 15 U.S.C. § 1125(a).

51.     TIME's conduct constitutes trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. §1125(a).

52.     TIME's conduct is being conducted with willful disregard of NYTCo's valuable trademark rights in the *Times Talks* trademark.  TIME's use of the *TIME100 Talks* mark in connection with it competing events constitutes a willful attempt to trade upon the goodwill that NYTCo has developed in the *Times Talks* trademark through its many years of use of the *Times Talks* trademark.

53.     NYTCo has no adequate remedy at law.  The said conduct of TIME has caused and, if not enjoined, will continue to cause irreparable damage to the rights of NYTCo in its *Times Talks* trademark, and the NYTCo's reputation and goodwill.  NYTCo's damages from the aforesaid unlawful actions of TIME are not yet determined.

## COUNT III
## USE OF A NAME WITH INTENT TO DECEIVE UNDER NEW YORK BUSINESS LAW § 133

54.     NYTCo repeats and re-alleges the allegations contained in the preceding paragraphs

of this Complaint as though the same were fully rewritten herein.

55. Due to NYTCo's prominent use the *Times Talks* trademark in New York state and elsewhere, NYTCo's *Times Talks* trademark has become well-known throughout New York state.

56. With an intent to deceive the public and cause confusion, TIME adopted the *TIME100 Talks* mark with full knowledge of NYTCo's long prior use of its *Times Talks* mark, and TIME's continued use of the *TIME100 Talks* mark in connection with its competing events is likely to deceive or mislead the public as to the source of the *TIME100 Talks* events or as to the connection of TIME and its events with NYTCo.

57. NYTCo has no adequate remedy at law. The said conduct of TIME has caused and, if not enjoined, will continue to cause, irreparable damage to NYTCo's rights in the *Times Talks* trademark and to the business, reputation and goodwill associated therewith.

## PRAYER FOR RELIEF

WHEREFORE, NYTCo respectfully demands judgment:

a. That TIME, its officers, directors, agents, employees, attorneys, confederates, related companies, licensees, and all persons acting for, with, by, through and under it, be preliminarily and permanently enjoined:

(1) from using the *TIME100 Talks* trademark and any other confusingly similar mark or domain name, reproduction or colorable imitation of the NYTCo's *Times Talks* trademark, including marks such as *TIME for Health Talks* that combine the terms "Time" and Talks," in connection with an event, series, feature, or any related product/service;

(2) from using the *TIME100 Talks* trademark and any other confusingly similar mark or domain name, reproduction or colorable imitation of the NYTCo's *Times Talks* trademark, including marks such as the *TIME for Health Talks* mark that combine the terms

"Time" and Talks," in any manner likely to cause confusion, mistake or to deceive the relevant trade and public;

(3)    from using *TIME100 Talks* or any similar mark, including marks such as the *TIME for Health Talks* mark, as advertising keywords or as metatags to promote any event, series or related product of TIME;

(4)    from committing any acts calculated to cause consumers or the relevant trade to believe that TIME's products and services are associated with or authorized by NYTCo; and

(5)    from otherwise competing unfairly with NYTCo in any manner.

b.    That TIME be ordered to abandon its pending trademark application for the *TIME100 Talks* trademark in the U.S. Patent and Trademark Office.

c.    That TIME pay to NYTCo such damages as NYTCo has sustained as a consequence of TIME's infringement, unfair competition, and deceptive trade practices, and to account for and to pay to NYTCO:

(1)    all gains, profits and advantages derived by TIME from its infringement;

(2)    all gains, profits and advantages derived by TIME from its unfair competition;

(3)    all gains, profits and advantages derived by TIME from its deceptive trade practices; and

(4)    all damages incurred by NYTCo as a result of TIME's infringement, unfair competition, and deceptive trade practices.

d.    That NYTCo be awarded its reasonable attorney's fees and costs in this action.

e.      That NYTCO be awarded such other and further relief as the court may deem

equitable.

                                        Respectfully submitted,

Dated:  November 20, 2020              By:

                                        FLASTER GREENBERG, P.C.

                                        Jordan A. LaVine
                                        295 Madison Avenue, 12th Floor
                                        New York, NY 10017
                                        (215) 279-9389
                                        (215) 279-9394

                                        Attorneys for
                                        The New York Times Company